## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

**NATALIE BROWN, et al.**

   **Plaintiffs,**

 **vs.**         **Case No.: 1:14-cv-02965-ODE**

**SUNTRUST BANKS, INC., et al.**

   **Defendants.**

## <u>BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>

David Tetrick, Jr.
Georgia Bar No. 713653
Darren A. Shuler
Georgia Bar No. 644276
Michael B. Wakefield
Georgia Bar No. 950517

**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3531
(404) 572-4600

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ...........................................................................................1

BACKGROUND AND PROCEDURAL HISTORY ............................................3

    I.      This Court Dismisses *Fuller* and *Stargel* as Untimely. ......................3

    II.    The Eleventh Circuit Affirms This Court's Dismissal of
          *Fuller* Under ERISA's Six-Year Repose Period....................................4

    III.   This Court Denies Motions for Post-Judgment Relief
          Filed by Plaintiffs' Predecessors. ..........................................................6

    IV.   Plaintiffs File Their Current Complaint in the
          District of Columbia, But It Is Transferred to This Court. ...................7

    V.    The Allegations in Plaintiffs' New Complaint Attempt,
          But Fail, to Plead Around the Supposed "New Pleading
          Standard Adopted by the Eleventh Circuit in *Fuller*."..........................8

ARGUMENT ................................................................................................9

    I.      Legal Standards for Motion to Dismiss ................................................9

          A.     Rule 12(b)(6) Standard ................................................................9

          B.     Standard to State a Claim Under ERISA's Six-Year
               Repose Period ...........................................................................10

    II.    Plaintiffs Allege No "Material Change in Circumstances"
          That Differentiates Their Purported Claims From Their
          Predecessors' Time-Barred Claims. ....................................................11

    III.   Plaintiffs' Claims Are Time-Barred Because They Arose
          More Than Ten Years Before Plaintiffs Filed Their Complaint.........15

    IV.   At a Minimum, Plaintiffs' Class Action Claims Should Be
          Dismissed. ............................................................................................19

    V.    Plaintiffs' Derivative Claims Fall With Their Time-Barred
          Claims....................................................................................................20

CONCLUSION ............................................................................................20

# **TABLE OF CASES**

**Page(s)**

*Am. Pipe & Constr. Co. v. Utah*
    414 U.S. 538, 554 (1974) ................................................................16

*Amoco Prod. Co. v. Newton Sheep Co.*,
    85 F.3d 1464 (10th Cir. 1996) ........................................................18

*Bradway v. Am. Nat'l Red Cross*,
    992 F.2d 298 (11th Cir. 1993) ........................................................17

*Brown v. SunTrust Banks, Inc.*,
    --- F. Supp. 2d ----, 2014 WL 4352560 (D.D.C. Sep. 3, 2014) ............................7

*Crown, Cork & Seal Co. v. Parker*,
    462 U.S. 345 (1983)........................................................................16

*David v. Alphin*,
    704 F.3d 327 (4th Cir. 2013) .......................................................3, 18

*Day v. Taylor*,
    400 F.3d 1272 (11th Cir. 2005) .................................................10, 16

*Fuller v. SunTrust Banks, Inc.*,
    2012 WL 1432306 (N.D. Ga. Mar. 20, 2012) ....................................3

*Fuller v. SunTrust Banks, Inc.*,
    744 F.3d 685 (11th Cir. 2014) ...............................................*passim*

*Griffin v. Singletary*,
    17 F.3d 356 (11th Cir. 1994) ..................................................19, 20

*McMillian v. AMC Mortg. Servs., Inc.*,
    560 F. Supp. 2d 1210 (S.D. Ala. 2008) .........................................17

*Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*,
    721 F.3d 95 (2d Cir. 2013) .......................................................17, 18

*Radford v. Gen. Dynamics Corp.*,
  151 F.3d 396 (5th Cir. 1998) ........................................................................17, 18

*Stargel v. SunTrust Banks, Inc.*,
  968 F. Supp. 2d 1215 (N.D. Ga. 2013)........................................................*passim*

*Tibble v. Edison Int'l*,
  729 F.3d 1110 (9th Cir. 2013) ......................................................................3, 18

## INTRODUCTION

This is the third substantively identical lawsuit that Plaintiffs' counsel has filed on behalf of alleged participants in the SunTrust Banks, Inc. 401(k) Plan.  The first two—*Fuller* and *Stargel*—were filed in this Court in 2011 and 2012.[1]  This latest one was filed in the District of Columbia in June 2014, but was recently transferred here.  This Court dismissed *Fuller* and *Stargel* as time-barred under ERISA.  The Eleventh Circuit affirmed the dismissal of *Fuller* under ERISA's six-year repose period, and, in so doing, adopted this Court's reasoning behind the dismissal of *Stargel*.  According to Plaintiffs' Complaint, *Fuller* and *Stargel* "included the claims brought in this suit."[2]

Plaintiffs' Complaint removes most of the allegations this Court and the Eleventh Circuit pointed to in dismissing *Stargel* and *Fuller* as untimely and adds a handful of allegations regarding the performance history of the STI Classic Funds at issue.  But the substance remains the same.  What Plaintiffs really need is for different law to apply.[3]  Their Complaint notes that "a few recent court

---

[1] *Fuller v. SunTrust Banks, Inc.*, No. 1:11-cv-784-ODE, Doc. 1 (Mar. 11, 2011); *Stargel v. SunTrust Banks, Inc.*, No. 1:12-cv-03822-ODE, Doc. 1 (Oct. 31, 2012).

[2] *See* Compl. ¶ 90.

[3] Apparently to that end, Plaintiffs have taken the peculiar step of filing a motion requesting that this just-commenced case be stayed pending the outcome of Eleventh Circuit appeals of this Court's denials of post-judgment relief in *Stargel*

1

opinions"—this Court's opinions in *Fuller* and *Stargel* and the Eleventh Circuit's
opinion affirming this Court's reasoning and conclusions, among others—"have
suggested that the existence of a change in circumstances since a fund was selected
for a 401(k) Plan may be a relevant factor . . . ."[4]  According to Plaintiffs, "these
interpretations of ERISA are erroneous and contrary to precedent."[5]  Here, of
course, "these interpretations" are controlling precedent; in this Circuit Plaintiffs
must plead concrete facts establishing a "material change in circumstances" that
could give rise to a breach of fiduciary duty claim based on more than speculation,
and Plaintiffs' repackaged claims fail to do so.

In short, Plaintiffs' new Complaint fails to plead any facts showing a
material change that states a plausible, non-speculative "monitoring" or "failure to
remove" claim that is in any way distinct from the time-barred claims that were
advanced by Plaintiffs' predecessors.  Moreover, every Count in Plaintiffs'

---

and *Fuller*, and a Supreme Court appeal that seeks reversal of a Ninth Circuit
decision applying ERISA's six-year repose period to dismiss similar claims.  *See*
Doc. 19.  Plaintiffs also want a new judge, stating in the *Stargel* appeal that they
"intend[] to request from [the Eleventh Circuit] an order specifying assignment to a
new [District Court] judge in the event of a remand."  Plaintiff's Reply in Support
of Her Motion for Consolidation of Appeals and Length Extension for Briefs and
Oral Argument, at 4, No. 14-13207 (Sep. 12, 2014).

[4] Compl. ¶ 63 n.9.

[5] *Id.*

Complaint also depends on years of tolling to which they are not entitled.  The

Court should dismiss Plaintiffs' claims with prejudice for either independent

reason.

## <u>BACKGROUND AND PROCEDURAL HISTORY</u>

**I.**     **This Court Dismisses *Fuller* and *Stargel* as Untimely.**

This Court dismissed the first of these three related lawsuits, *Fuller*, because

its purported claims were untimely under ERISA's three-year limitations period.[6]

At the same time, the Court rejected Sandra Stargel and Selethia Pruitt's attempt to

"intervene" as plaintiffs in *Fuller*.[7]  Stargel and Pruitt filed *Stargel* the next day.

*Fuller* was appealed to the Eleventh Circuit, and while that appeal was

pending, this Court also dismissed *Stargel* for failure to state a timely claim.[8]  But

because of intervening opinions from the Fourth and Ninth Circuits—*David  v.

Alphin*[9] and *Tibble v. Edison International*[10]—the Court dismissed *Stargel* based

on ERISA's six-year repose period, not the three-year limitations period it had

---

[6] *See Fuller v. SunTrust Banks, Inc.*, 2012 WL 1432306 (N.D. Ga. Mar. 20, 2012);
No. 1:11-cv-784-ODE, Doc 69.

[7] *See id.*

[8] *Stargel v. SunTrust Banks, Inc.*, 968 F. Supp. 2d 1215 (N.D. Ga. 2013).

[9] 704 F.3d 327 (4th Cir. 2013).

[10] 729 F.3d 1110 (9th Cir. 2013), *cert. granted in part*, 2014 WL 4916188 (U.S.
Oct. 2, 2014).

invoked in *Fuller*.  In so doing, the Court recognized that "[t]he six-year limitation on ERISA actions serves as a statute of repose which bars any action brought after that period of time has run."[11]  The Court rejected the argument that Plaintiffs' predecessors could state timely claims by pointing to allegedly imprudent decisions that occurred outside ERISA's repose period and then speculating that a fresh claim must have accrued within the repose period because those time-barred decisions had not been overturned.[12]

## II. The Eleventh Circuit Affirms This Court's Dismissal of *Fuller* Under ERISA's Six-Year Repose Period.

After this Court dismissed *Stargel* under ERISA's six-year repose period, the Eleventh Circuit affirmed the dismissal of *Fuller* on the same grounds.[13]  In doing so, the Eleventh Circuit "review[ed] what happened in the related case of *Stargel*," as well as *David* and *Tibble*, and agreed with this Court's analysis in *Stargel* that the six-year repose barred the substantively identical claims in *Fuller*.[14]  The Eleventh Circuit held that Plaintiffs' predecessor's "failure to

---

[11] *Stargel*, 968 F. Supp. 2d at 1234 (citing *New Orleans Emp'rs Int'l Longshoremen's Ass'n, AFL–CIO Pension Fund v. Mercer Inv. Consultants*, 635 F. Supp. 2d 1351, 1378 (N.D. Ga. 2009) (Evans, J.)).

[12] *Stargel*, 968 F. Supp. 2d at 1227-28.

[13] *Fuller v. SunTrust Banks, Inc.*, 744 F.3d 685 (11th Cir. 2014).

[14] *See id.* at 693-94, 697-702; *Stargel*, 968 F. Supp. 2d at 1233-36.

remove" claims were based on the same factual allegations as their time-barred selection claims.[15]

"Relying on the persuasive reasoning of *David* and *Tibble*," the Eleventh Circuit "reject[ed] Fuller's argument that the continued failure to heed warnings of the funds' low performance and high fees or to seek out such information constitutes a distinct, cognizable breach separate from the alleged breach that occurred at selection."[16]  The Eleventh Circuit determined that the *Fuller* complaint was untimely because it was "not a case of changed circumstances following the selection of the STI Classic Funds" and did "not allege that, after the STI Classic Funds' selection, the funds' performance declined, the funds' advisory fees increased, or a new conflict of interest arose" such that a distinct, timely claim could have arisen during the repose period.[17]  The Court instead concluded that Defendants' alleged "failure to remove the STI Classic Funds was simply a failure to remedy the initial breach," which occurred well outside ERISA's six-year period of final repose.[18]  In other words, the Eleventh Circuit recognized that allowing an ERISA plaintiff to state a claim without concrete allegations that a "material

---

[15] *Fuller*, 744 F.3d at 701-02.

[16] *Id.* at 701.

[17] *Id.*

[18] *Id.*

change in circumstances" had occurred during the six years preceding her complaint "would allow [her] to recover under a continuing violation theory," which "would thwart the purpose of ERISA's six-year limitations period."[19]

## III.   This Court Denies Motions for Post-Judgment Relief Filed by Plaintiffs' Predecessors.

Despite the Eleventh Circuit's *Fuller* opinion, Plaintiffs' predecessors filed motions for post-judgment relief with this Court, requesting leave to substitute in Plaintiffs Brown, Jefferson, Kennedy, and Williams as named plaintiffs in *Fuller* and *Stargel* and to replace the dismissed complaints with a new one.  As Plaintiffs have noted, "[m]uch of the [] language" in the Complaint here "is identical to that in the proposed consolidated amended class action complaints filed in the post-judgment phases of the *Stargel* and *Fuller* cases."[20]

This Court determined that Plaintiffs' predecessors were not entitled to post-judgment relief, and recognized that they sought "to amend their complaint to reassert [] dismissed claims and to add four new plaintiffs."[21]  The Court also rejected the argument that new allegations regarding the STI Classic Funds' lack of

---

[19] *Id.* at 702.

[20] Doc. 19-1, at 1; *see* No. 1:12-cv-03822-ODE, Docs. 35 & 35-1 (proposed complaint in *Stargel*); No. 1:11-cv-00784-ODE, Docs. 81 & 81-1 (proposed complaint in *Fuller*).

[21] *Stargel*, No. 12-cv-03822-ODE, Doc. 44, at 8; *see also Fuller*, No. 11-cv-00784-ODE, Doc. 85.

"performance history" at the time they were selected and their performance over the years preceding the Class Period were sufficient to plead a "material change in circumstances."[22]

## IV.   Plaintiffs File Their Current Complaint in the District of Columbia, But It Is Transferred to This Court.

Plaintiffs filed this lawsuit in the United States District Court for the District of Columbia ten days after this Court rejected their attempt to intervene in *Stargel* (and while their duplicative motion seeking to intervene in *Fuller* was still pending).  After determining that neither Plaintiffs nor this case had any connection to the District of Columbia, the case was transferred here over Plaintiffs' objection.[23]

---

[22] *See Stargel*, No. 1:12-cv-03822-ODE, Doc. 44, at 7; *see also Fuller*, No. 1:11-cv-00784-ODE, Doc. 85.  The plaintiffs in *Fuller* and *Stargel* have appealed those denials to the Eleventh Circuit, and the appeals have been consolidated.  *See Fuller v. SunTrust Banks, Inc.*, No. 14-13789 (11th Cir.); *Stargel v. SunTrust Banks, Inc.*, No. 14-13207 (11th Cir.); Order, No. 14-13207 (Oct. 9, 2014) (consolidating appeals).

[23] *See Brown v. SunTrust Banks, Inc.*, --- F. Supp. 2d ----, 2014 WL 4352560 (D.D.C. Sep. 3, 2014).

**V.    The Allegations in Plaintiffs' New Complaint Attempt, But Fail, to Plead Around the Supposed "New Pleading Standard Adopted by the Eleventh Circuit in *Fuller*."**

According to Plaintiffs, their Complaint has been "extensively revised to meet the new pleading standard" adopted by the Eleventh Circuit in *Fuller*.[24] Mostly, however, they simply deleted the allegations concerning the initial selection of the STI Classic Funds that this Court pointed to in dismissing *Stargel*.[25]  Plaintiffs have also, in a new Count VIII, repackaged their predecessors' "failure to remove" claim as a claim for "Failing to Remedy Breach of Predecessor Fiduciaries."  But there, just like their predecessors, Plaintiffs unabashedly allege that seven STI Classic Funds were "disloyally *selected*" "[p]rior to the inception of the Class Period," and then speculate that "Successor Fiduciary Defendants breached their duties by failing to take adequate steps to remedy, within the Class Period, their predecessors' breaches in selecting" those seven Funds.[26]  This, of course, is simply more of the same.  And, worse, this time it directly contradicts

---

[24] *See Stargel*, No. 1:12-cv-03822-ODE, Doc. 35-2, at 7-9 (summarizing revisions).

[25] *Compare Stargel*, 968 F. Supp. 2d at 1226-27 (referencing language in paragraphs 3 and 64 of the *Stargel* Amended Complaint that has been removed from the *Brown* Complaint) *with* Compl. ¶¶ 3, 59-65, 105, 107-09.  Plaintiffs did retain one such allegation relating to the only fund selected within six years of the original *Fuller* complaint, the STI Classic International Equity Index Fund.  *See* Compl. ¶¶ 49, 101-107.

[26] *See* Compl. ¶¶ 141, 142, 145 (emphasis added).

Plaintiffs' suggestion elsewhere in their Complaint that the STI Classic Funds

could not be judged imprudent at the time of selection.[27]

Despite Plaintiffs' claims of "extensive[] revis[ion]," their Complaint

contains only a handful of new allegations that even attempt to plead a material

change in circumstances during the putative Class Period,[28] and, as shown below,

these new allegations merely illustrate that Plaintiffs' claims are barred by

ERISA's six-year repose period.

## ARGUMENT

### I.    Legal Standards for Motion to Dismiss

#### A.    Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint

for "failure to state a claim upon which relief can be granted."[29]  In ruling on a

Motion to Dismiss, the Court accepts "all of the well-pleaded factual allegations in

---

[27] *Compare id. with id.* ¶ 64 (alleging that "no one could have a reasonable opinion as to whether the performance was good or bad" when the STI Classic Small-Cap Growth Fund was selected) & ¶ 65 (alleging that there "would not have been a strong case for removing the fund at the time of selection").

[28] *See* Compl. ¶¶ 63-70, 97.  In their post-judgment briefing, Plaintiffs' predecessors identified these paragraphs as the "principal changes" made in response to the Eleventh Circuit's order.  *See Fuller*, No. 1:11-cv-00784-ODE, Doc. 35-2 at 8-10 (note that paragraphs 63-70 and 97 in Plaintiffs' Complaint correspond with paragraphs 67-74 and 101, respectively, in the proposed complaint referenced in that motion).

[29] Fed. R. Civ. P. 12(b)(6).

the plaintiff's complaint . . . as true and construed in the light most favorable to the plaintiff,"[30] but disregards legal conclusions and unwarranted deductions of fact.[31] Plaintiffs' factual allegations "must be enough to raise a right to relief above the speculative level."[32]  Dismissal under Rule 12(b)(6) is proper where, as here, allegations in the Complaint show that claims are time-barred as a matter of law.[33]

### B.    Standard to State a Claim Under ERISA's Six-Year Repose Period

ERISA § 413 bars any claim that arose more than six years before suit was filed:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after . . . (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation."[34]

---

[30] *Stargel*, 968 F. Supp. 2d at 1224-25 (citing *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1037 (11th Cir. 2008)).

[31] *Day v. Taylor*, 400 F.3d 1272, 1277 (11th Cir. 2005).

[32] *Stargel*, 968 F. Supp. 2d at 1225 (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009)).

[33] *Fuller*, Doc. 59, at 17-18; *Stargel*, 968 F. Supp. 2d at 1255.

[34] ERISA § 413, 29 U.S.C. § 1113.

As this Court recognized in *Stargel*, "[t]he six-year limitation on ERISA actions serves as a statute of repose which bars any action brought after that period of time has run."[35]

Thus, as the Eleventh Circuit held in *Fuller*, to state a timely "monitoring" or "failure to act" claim (such as Counts I, V, VII, and VIII), Plaintiffs must allege that the STI Classic Funds experienced a "material change in circumstances" that occurred within the six years preceding their Complaint that gave rise to a non-speculative breach of fiduciary duty within ERISA's period of final repose.[36]

## II. Plaintiffs Allege No "Material Change in Circumstances" That Differentiates Their Purported Claims From Their Predecessors' Time-Barred Claims.

The two prior iterations of this lawsuit were dismissed because Plaintiffs' predecessors failed to allege a "material change in circumstances" with respect to the STI Classic Funds that occurred within ERISA's six-year repose period.[37]  In this case, four new Plaintiffs attempt to revive those same time-barred claims by backpedaling from their predecessors' assertions that it was clear that the STI

---

[35] *Stargel*, 968 F. Supp. 2d at 1234 (citing *Mercer*, 635 F. Supp. 2d at 1378).

[36] *Fuller*, 744 F.3d at 701-02; *Stargel*, 968 F. Supp. 2d at 1230.

[37] *See Fuller*, 744 F.3d at 701-02 ("[T]his is not a case of changed circumstances following the selection of the STI Classic Funds."); *Stargel*, 968 F. Supp. 2d at 1227 ("There is simply no allegation that anything changed after selection of the STI Classic Funds.").

Classic Funds were imprudent at the time they were selected.  As these new

Plaintiffs allege (at least in most of their Complaint):

> At the time of their initial selection, none of the [STI Classic] Funds had any history as 401(k) Plan investment options, and they had no or limited performance history. By the time of the Class Period [which opened on April 10, 2004], all the funds had a performance history that enabled a prudent fiduciary to make a (negative) judgment regarding the quality of investment management and/or the performance had become noticeably worse.[38]

In other words, the supposed lack of a performance track record means that the

Funds could not have been judged imprudent at the time they were selected.

According to these new Plaintiffs, that could not be determined until later, when

allegedly poor performance (which also occurred before the Class Period) failed to

justify the allegedly high fees charged.[39]

     But this Court has already determined in *Stargel* that the alleged lack of an

extended performance history at the time of selection would not save Plaintiffs'

time-barred claims.  In rejecting Plaintiffs' predecessors' argument based on new

---

[38] Compl. ¶ 97; *see also, e.g.*, ¶ 64 ("The change in circumstances with respect to th[e STI Classic Small-Cap Growth Fund] was that after selection, and by the time the Class Period started in April 2004, the fund did have a meaningful performance history."), and *compare* ¶¶ 141-42 (alleging that "[p]rior to the inception of the Class Period, 401(k) Plan fiduciaries selected" seven STI Classic Funds, did so "disloyally," and "thus breached their duties").

[39] *See* Compl. ¶ 7.

allegations (which are repeated in ¶¶ 64 and 69 of Plaintiffs' Complaint) that the STI Classic Small-Cap Grown Fund and the STI Classic Growth and Income Fund had "little or no performance history" at the time of selection, the Court held that "[e]ven if two of the Funds had little or no performance history when selected, that does not affect the Court's conclusion that the Amended Complaint failed to plead a timely cause of action."[40]  The same goes for these Plaintiffs' new allegations that the other Funds (discussed in ¶¶ 65, 66, 67, 68, and 70) had "relatively short" or "statistically insignificant" performance histories (but in each case, a performance history of at least five years) when they were selected.  These negative assertions about facts that supposedly did not exist are the only new allegations that Plaintiffs can muster in an attempt to plausibly plead a timely claim, and they depend on a flawed theory that this Court has already rejected. And Plaintiffs flatly contradict themselves in Count VIII, where they allege that the "predecessor fiduciaries [] breached their duties in selecting the [STI Classic] Funds."[41]

Moreover, even if Plaintiffs' evasions regarding post-selection Fund performance did establish a material change in circumstances, that change did not

---

[40] *Stargel*, No. 1:12-cv-03822-ODE, Doc. 44, at 7; *see also Fuller*, No. 1:11-cv-00784-ODE, Doc. 85.

[41] Compl. ¶ 144.

occur during the repose period, and therefore could not support a timely breach of fiduciary duty claim.  Plaintiffs actually show the opposite by relying on allegations that the Funds performed poorly *outside* the Class Period to support their insistence that their claims arose "by the beginning of the Class Period on April 10, 2004."[42]  If the Funds were imprudent based on poor performance that occurred over the five-year period immediately before the putative Class Period began, Plaintiffs' breach of fiduciary duty claims arose outside the repose period, which this Court has noted bars claims that occurred on or before April 9, 2004.[43]  At best for Plaintiffs, the Complaint contains a few performance allegations from the first couple of years of the Class Period (*i.e.*, on or after April 10, 2004), which Plaintiffs allege were a continuation of poor performance that had begun outside

---

[42] *See* Compl. ¶¶ 65 (fund allegedly imprudent because "by the beginning of the Class Period in 2004, the fund had an almost twelve-year history of poor performance" and "2003 represented one of the worst years for the fund"), 66 (fund allegedly imprudent because "[i]n 2003 its performance was in the bottom 32% of funds in its category and its trailing five-year return as of June 2004 was in the bottom 14% of the category"), 67 (fund allegedly imprudent because "[i]n 2003, it underperformed the Vanguard Fund and the Barclays index by almost 50%"), 68 (fund allegedly imprudent because "[i]n the bear market of 2002, it lost 28% of its value—twice as much as its benchmark . . . which lost only 14%," in "2003, when the markets rebounded, it gained less than the relevant benchmarks (29% versus 40.1%)," and "it also underperformed its benchmark in 2004"), & 69 (fund allegedly imprudent because "[b]y the end of June 2004, its five-year trailing performance placed it in the bottom 34% of funds in its category," and "in both 2003 and 2004 it underperformed its benchmark"); *see also id.* ¶¶ 7, 70, 97.

[43] *Stargel*, 968 F. Supp. 2d at 1219 n.1.

the repose period (*i.e.*, before April 10, 2004).  Relying on these allegations, of course, depends on the same theory that *Fuller* rejected—Plaintiffs cannot indefinitely extend their time to sue by focusing only on an alleged "continuing failure" to remedy a supposed fiduciary breach that occurred (if at all) well outside ERISA's six-year period of final repose.[44]

To state a viable claim under *Fuller*, Plaintiffs must show that a material change occurred within the repose period (on or after April 10, 2004, if Plaintiffs are given the benefit of the tolling they claim).  Plaintiffs' new allegations regarding the STI Classic Funds' performance from before the putative Class Period opened on April 10, 2004 do not accomplish this, and their Complaint should be dismissed for failure to state a timely claim.[45]

## III. Plaintiffs' Claims Are Time-Barred Because They Arose More Than Ten Years Before Plaintiffs Filed Their Complaint.

In any event, Plaintiffs' Complaint unambiguously alleges that any fiduciary breach occurred, and their claims arose, "by the time the Class Period started in April 2004."[46]  This means Plaintiffs were required to file their claims within six

---

[44] *See Fuller*, 744 F.3d at 701.

[45] *Id.*; *Stargel*, 968 F. Supp. 2d at 1228-30.

[46] Compl. ¶ 64; *see also id.* ¶¶ 65, 66, 67, 68, 69, 70 (each containing similar language).

years of that date, or by April 10, 2010.[47]  But Plaintiffs did not file suit until June

27, 2014—more than four years later.  Plaintiffs attempt to bridge this gap by

invoking class-action tolling principles, asserting that "[t]he pendency of the *Fuller*

and *Stargel* suits tolls the statute of limitations for this one.  *See, e.g.*, *Crown, Cork*

*& Seal Co. v. Parker*, 462 U.S. 345 (1983)."[48]  Plaintiffs are mistaken, however,

and the Court need not credit their legal conclusion regarding tolling in deciding

this Rule 12(b)(6) motion.[49]

      *Crown, Cork & Seal* reiterated the Supreme Court's holding in *American*

*Pipe & Construction Company v. Utah*[50] that "the commencement of a class action

suspends the applicable *statute of limitations* as to all asserted members of the class

who would have been parties had the suit been permitted to continue as a class

action."[51]  But it did not hold that periods of final repose are tolled, and the weight

of subsequent decisions has held that the class-action tolling doctrine of *American*

*Pipe* and *Crown, Cork & Seal* applies only to statutes of limitations—not to

---

[47] *See* ERISA § 413(1), 29 U.S.C. § 1113(1).

[48] Compl. ¶ 90.

[49] *See Day*, 400 F.3d at 1277.

[50] 414 U.S. 538, 554 (1974).

[51] *Crown, Cork & Seal*, 462 U.S. at 353-54 (quoting *American Pipe*, 414 U.S. at
554) (emphasis added).

statutes of repose.[52]  This is because the very purpose of a repose period is to effect

the legislative determination that "the right to be free of stale claims in time comes

to prevail over the right to prosecute them."[53]  Thus, repose periods are "absolute"

and "run without interruption once the necessary triggering event has occurred,

even if equitable considerations would warrant tolling . . . ."[54]  Indeed, "a statute of

repose '*extinguishes* a plaintiff's cause of action after the passage of a fixed period

of time,'" and sometimes "*even before the plaintiff suffers injury*, leaving her

without any remedy."[55]

---

[52] *See, e.g.*, *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 106-07 (2d Cir. 2013), *cert. dismissed as improvidently granted*, 2014 WL 4799891 (U.S. Sep. 29, 2014); *Radford v. Gen. Dynamics Corp.*, 151 F.3d 396, 400 (5th Cir. 1998); *cf. McMillian v. AMC Mortg. Servs., Inc.*, 560 F. Supp. 2d 1210, 1214-15 (S.D. Ala. 2008) (rejecting as a "a distortion of *American Pipe*" and "unreasonable" an argument that *American Pipe* stands for "the exceedingly broad proposition that pendency of a putative class action (whether class certification has been granted or not) tolls the statute of limitations indefinitely for all prospective class members, even those who are not relying on the class action mechanism to protect their rights, or who are relying on it opportunistically and only to the extent necessary to validate otherwise time-barred claims").

[53] *Bradway v. Am. Nat'l Red Cross*, 992 F.2d 298, 301, n.3 (11th Cir. 1993) (quoting *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 349 (1944)).

[54] *IndyMac*, 721 F.3d at 106-07 (quoting *Fed. Hous. Fin. Agency v. UBS Americas Inc.*, 712 F.3d 136, 140 (2d Cir. 2013)).

[55] *Id.* (quoting *Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 88 n.4 (2d Cir. 2010) & *Fed. Hous. Fin. Agency*, 712 F.3d at 140) (emphasis in *IndyMac*).  A statute of repose is also different from a statute of limitations because

17

And ERISA's six-year period is just such a period of final repose that does

not yield to *American Pipe* and *Crown, Cork & Seal* tolling.  Indeed, this Court is

not alone in recognizing that "[t]he six-year limitation on ERISA actions serves as

a statute of repose which bars any action brought after that period of time has

run."[56]  Here, Plaintiffs' claims are time-barred because they allege that their

fiduciary breach claims arose by April 10, 2004, at the latest, which is more than a

decade before Plaintiffs filed suit on June 27, 2014.[57]

---

it "create[s] a *substantive* right in those protected to be free from liability after a legislatively determined period of time."  *Id.* (quoting *Amoco Prod. Co. v. Newton Sheep Co.*, 85 F.3d 1464, 1472 (10th Cir. 1996)) (emphasis in *IndyMac*; alteration omitted).  This distinction means that Rule 23 of the Federal Rules of Civil Procedure cannot extend a repose period such as ERISA § 413(1) because "the Rules Enabling Act [28 U.S.C. § 2072(b)] forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right.'"  *Id.* at 109.

[56] *Stargel*, 968 F. Supp. 2d at 1234 (citing *Mercer*, 635 F. Supp. 2d at 1378); *see also Tibble*, 729 F.3d at 1120 ("[S]ection 413(1) 'suggests a judgment by Congress that when six years has passed after a breach or violation, and no fraud or concealment occurs, the value of repose will trump other interests, such as a plaintiff's right to seek a remedy.'" (quoting *Larson v. Northrop Corp.*, 21 F.3d 1164, 1172 (D.C. Cir. 1994))); *David*, 704 F.3d at 339 ("Because § 413's limitations period begins immediately upon 'the last action which constituted a part of the breach or violation,' § 413 can most accurately be described as a statute of repose"); *Radford*, 151 F.3d at 400 ("Section 413 of ERISA is a statute of repose, establishing an outside limit of six years in which to file suit, and tolling does not apply." (citing *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363(1991))).

[57] *See* Compl. ¶ 7 ("A prudent and loyal fiduciary . . . would have removed the [STI Classic] Funds during the  Class Period because . . . by that point in time they had an extended history of poor performance."); Compl. ¶¶ 64-70 (alleging that

As a result, Counts I, V, VII,[58] and VIII—all of which expressly depend on factual allegations that existed by the time the putative Class Period opened on April 10, 2004—must be dismissed under ERISA § 413(1).   As should Count II, which alleges that the selection of the International Equity Index Fund "on or about October 4, 2004"[59] was imprudent and a breach of duty.  Even if true, that too occurred nearly a decade before Plaintiffs filed suit.

## IV.    At a Minimum, Plaintiffs' Class Action Claims Should Be Dismissed.

Plaintiffs' assertion that their class-action claims are entitled to *Crown, Cork & Seal* tolling depends on the mistaken theory that they can "piggyback one class action onto another."[60]  Under Eleventh Circuit law, "the pendency of a previously filed class action does *not* toll the limitations period for additional class actions by

---

performance histories had accumulated "by the beginning of the Class Period" sufficiently that the fiduciaries should have removed the STI Classic Funds by then).

[58] The Eleventh Circuit's opinion in *Fuller* directly rejected the "failure to remove" theory asserted in Count VII:  "[L]ike the Fourth Circuit in *David*, we decline to decide whether the Committee Defendants had an ongoing duty to remove imprudent investment options from the Plan in the absence of a material change in circumstances. . . .  Accordingly, Fuller's [failure to remove claims] are time-barred by ERISA's six-year period of limitations."  744 F.3d at 701-02 (citing *David*, 704 F.3d at 341).

[59] Compl. ¶ 103.

[60] *See* Compl. ¶ 90; *Griffin v. Singletary*, 17 F.3d 356, 359-60 (11th Cir. 1994) (quoting *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir. 1985)).

putative members of the original asserted class"; it only tolls the limitations period for Plaintiffs' *individual* claims.[61]

Thus, even if the Complaint did allege a "material change in circumstances" sufficient to state a claim under *Fuller*, and even if *Crown, Cork & Seal* tolling did apply to ERISA's six-year repose period, Plaintiffs' class claims still could not proceed. Under *Griffin*, any tolling would apply only to Plaintiffs' individual claims and, at best, Plaintiffs could proceed only in their individual capacities.[62]

## V. Plaintiffs' Derivative Claims Fall With Their Time-Barred Claims.

Plaintiffs also purport to allege derivative claims in Counts III, IV, and VI of their Complaint, but those claims depend upon, and fall with, Plaintiffs' time-barred claims in Count I, II, V, VII, and VIII.[63]

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss and dismiss Plaintiffs' Claims as untimely under ERISA's six-year statute of repose.

Respectfully submitted, this 9th day of October, 2014.

---

[61] *Griffin*, 17 F.3d at 359-61.

[62] *See id.*

[63] *See Fuller*, 744 F.3d at 690; *Stargel*, 968 F. Supp. 2d at 1235-36.

*/s/  Darren A. Shuler*
David Tetrick, Jr.
Georgia Bar No. 713653
Darren A. Shuler
Georgia Bar No. 644276
Michael B. Wakefield
Georgia Bar No. 950517

**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
dtetrick@kslaw.com
dshuler@kslaw.com
mwakefield@kslaw.com
Tel:  (404) 572-4600
Fax: (404) 572-5100

*Counsel for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B.  The foregoing was prepared on a computer using the Times New Roman font (14 point).


*/s/ Darren A. Shuler*
Darren A. Shuler
Georgia Bar No. 644276

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

**NATALIE BROWN, et al.**

   **Plaintiffs,**

 **vs.**          **Case No.: 1:14-cv-02965-ODE**

**SUNTRUST BANKS, INC., et al.**

   **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 9, 2014, I electronically filed the
foregoing document with the Clerk of the Court using CM/ECF which will
automatically send a copy to the following attorneys of record:

| | |
|---|---|
| Alan R. Perry, Jr. | J. Brian McTigue |
| Page Perry | James A. Moore |
| 1175 Peachtree St NE | McTigue Law LLP |
| 100 Colony Square, Suite 1810 | Suite 300 |
| Atlanta, GA 30361 | 4530 Wisconsin Avenue, NW |
| | Washington, DC 2001 |

            */s/ Darren A. Shuler*
            Darren A. Shuler
            Georgia Bar No. 644276