IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATALIE BROWN, et al.,

    Plaintiffs,

v.

SUNTRUST BANKS, INC., et al.,

    Defendants.

CIVIL ACTION NO.
1:14-CV-2965-ODE

ORDER

This putative class action suit alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq., is before the Court on Plaintiffs' Motion for Stay [Doc. 19] and Defendants' Motion to Dismiss [Doc. 25]. For the following reasons, Plaintiffs' Motion for Stay [Doc. 19] is GRANTED, and Defendants' Motion to Dismiss [Doc. 25] is DISMISSED AS MOOT.

I.  **Background**[1]

Plaintiffs are former employees of Defendant SunTrust Banks, Inc. ("SunTrust") and participants in the SunTrust 401(k) Plan ("Plan"), a defined contribution plan established to provide retirement income to SunTrust employees [First Amended Complaint, Doc. 28 ¶¶ 15-18, 30]. The putative class period is April 10, 2004 to December 31, 2012 ("the class period").[2] During the class period, the Plan offered nine to eighteen different investment

---

[1] The following facts are taken from the First Amended Complaint [Doc. 28].

[2] Plaintiffs have not yet moved to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

vehicles in which a participant could choose to invest her 401(k) assets [Id. ¶¶ 10, 42, 75]. Plaintiffs' complaint centers around the selection and retention of certain investment vehicles as Plan investment options [see generally Doc. 28].

## II. Defendants' Motion to Dismiss

Defendants filed the instant Motion to Dismiss [Doc. 25] Plaintiffs' initial complaint on October 25, 2014. Plaintiffs filed, as a matter of course, their First Amended Complaint [Doc. 28] within twenty-one days of Defendants' motion pursuant to Federal Rule of Civil Procedure 15. See Fed. R. Civ. P. 15(a)(1)(B).

Because the First Amended Complaint supersedes the initial complaint, see Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007), Defendants' Motion to Dismiss [Doc. 25] is DISMISSED AS MOOT.

## III. Plaintiffs' Motion to Stay

Plaintiffs move to stay the proceedings pending the United States Supreme Court's decision in Tibble v. Edison International, 729 F.3d 1110 (9th Cir. 2013), cert. granted, 135 S. Ct. 43 (2014).

"The power of a trial court to stay an action pending on its docket is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Home Ins. Co. v. Coastal Lumber Co., 575 F. Supp. 1081, 1083 (N.D. Ga. 1983) (Forrester, J.) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).

2

ERISA actions, such as this one, are subject to a six-year statute of limitations provision which states:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of --
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation . . . .

29 U.S.C. § 1113. In the instant action, Plaintiffs attempt to bring ERISA claims against Defendants for breach of fiduciary duty related to the failure to remove certain proprietary funds from the Plan [see generally Doc. 28]. The selection of these proprietary funds as investment options occurred more than six years prior to the filing of the instant action.

In a similar litigation, the United States Court of Appeals for the Eleventh Circuit held that "the date of the last action which constituted a part of the breach" for purposes of the ERISA statute of limitations occurred when these proprietary funds were originally selected by the Defendants. Fuller v. SunTrust Banks, Inc., 744 F.3d 685, 702 (11th Cir. 2014). Therefore, under existing Eleventh Circuit precedent, Plaintiffs' claims are potentially time-barred absent a showing of changed circumstances. See id. at 701-02.

However, on October 2, 2014, the United States Supreme Court granted certiorari in Tibble, 729 F.3d 1110, to the following question:

> Whether a claim that ERISA plan fiduciaries breached their duty of prudence by offering higher-cost retail-class mutual funds to plan participants, even though identical lower-cost institution-class mutual funds were

3

> available, is barred by 29 U.S.C. § 1113(1) when fiduciaries initially chose the higher-cost mutual funds as plan investments more than six years before the claim was filed.

Tibble, 135 S. Ct. 43. While the nature of the underlying fiduciary breach in Tibble differs from that asserted by Plaintiffs here, the statute of limitations issue posed in Tibble is the same or similar to the limitations issue in the instant case.

Defendants oppose such a stay on the grounds that predicting how the Supreme Court will decide Tibble is "risky business" [Doc. 26]. This Court, however, sees no need to attempt to predict the disposition of Tibble. This Court agrees that this action should be stayed pending the Supreme Court's disposition of Tibble. See Home Ins. Co., 575 F. Supp. at 1083 ("The interests of all the parties and the interests of the court in an orderly disposition of its caseload must be considered."). Accordingly, Plaintiffs' Motion to Stay [Doc. 19] is GRANTED.

IV. **Conclusion**

For the reasons set forth above, Defendants' Motion to Dismiss [Doc. 25] is DISMISSED AS MOOT, and Plaintiffs' Motion to Stay [Doc. 19] is GRANTED. This Court shall retain jurisdiction, and the case shall be restored to the docket upon motion of a party after the United States Supreme Court issues its ruling in Tibble v. Edison International. This Order shall not prejudice the rights of the parties to this litigation. The Clerk is hereby DIRECTED to administratively close this case.

SO ORDERED, this **12** day of November, 2014.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE